UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-50112
Summary Calendar

GARY REED WALP,

Plaintiff-Appellant,

versus

DON E. GOODWIN, ETC., ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(W 94 CA 212)

August 17, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Reed Walp, an inmate in custody of the Texas Department of Criminal Justice (TDCJ), appeals the dismissal of his civil rights action against officials of a school formerly known as Texas State Technical College/Waco (TSTC).[1]  Finding the district court properly dismissed the suit, we affirm.

I.    FACTS AND PROCEDURAL HISTORY

---

[*]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1]  It is now known as Texas State Technical Institute.

At the times relevant to this action, Walp was a TDCJ inmate awaiting parole and then a parolee. He filed this action against Dr. Don E. Goodwin, president of the school; Dr. Lance Hayes, director of admissions and records, and Dr. Robert Kinney, dean of student services.

Walp alleged in his complaint that he was serving a sentence for an unspecified offense from January 1981 until he was paroled in April 1992. Prior to being paroled, he applied for admission to TSTC for enrollment in September 1992. He subsequently received a letter of acceptance from Dr. Hayes.

In May 1992, Dean Kinney began to review the applications for admission of parolees and ex-felons, allegedly because a certain paroled capital murderer, who had been attending TSTC, was accused of murdering several women. Dr. Hayes wrote Walp a letter stating that the acceptance letter erroneously had been sent and that he had been denied admission. Additionally, Dean Kinney wrote Walp a letter stating that Walp was not offered admission to TSTC because the dean had "determined that the conditions of [Walp's] parole could not reasonably be met on a residential campus such as TSTC Waco. Therefore, in consideration of the safety and welfare of our campus community, you were not offered admission."

The magistrate judge filed a report recommending dismissal of the federal claims for failure to state a claim and on grounds of immunity,[2] which the district court adopted. Walp appeals.

---

[2] The magistrate judge also recommended dismissal of Walp's pendent state-law claims without prejudice.

## II.  ANALYSIS

Walp contends that the district court erred by dismissing his federal claims on grounds of failure to state a claim.  He asserts that he was denied admission because of the paroled murderer situation and that the refusal to admit him violated his rights to due process and equal protection of the laws.  We "review de novo the district court's dismissal of a complaint for failure to state a claim."  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Equal Protection

In his complaint, Walp alleged that he "was denied admission to TSTC/Waco because of the `special conditions' of his parole," that he "has the Constitutional Right to pursue higher education and further rehabilitation pursuant to the Equal Opportunity Act of 1967," and "that because he is a parolee, he is also a [member of] a disadvantaged minority as much as any other person of color or creed."  However, in response to appellees' motion to dismiss, Walp averred that "it was [his] parole status, not the special conditions . . . that prompted the Defendants to treat and to classify [him] differently and discriminatorily from non-parolees and other parolees whose admissions to TSTC/Waco are not denied."

"The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  Thus,

"if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action does not deny equal protection of the laws." Mahone v. Addicks Util. Dist. of Harris County, 836 F.2d 921, 932 (5th Cir. 1988).

The district court correctly held that Walp's complaint does not allege an equal-protection violation because he has failed to allege that persons similar to him were treated differently, i.e., allowed to attend TSTC.  Additionally, we note that Walp never specified the facts that constitute his "situation" as a parolee.  That is, he has failed to set forth, either in his complaint or in his briefs, what offense he was convicted of or what the "special conditions" of his parole were.

Due Process

"In order to state a cause of action for violation of the Due Process Clause under Section 1983, [a plaintiff] must show that [he has] asserted a recognized `liberty or property' interest within the purview of the Fourteenth Amendment, and that [he was] intentionally or recklessly deprived of that interest, even temporarily, under color of state law." Griffith v. Johnston, 899 F.2d 1427, 1435 (5th Cir. 1990) (citations omitted), cert. denied, 498 U.S. 1040 (1991).

The Supreme Court has held that nonretention by a state university of a nontenured teacher did not implicate a liberty interest.  Board of Regents v. Roth, 408 U.S. 564, 575 (1972). The Court based its decision on the fact that the teacher's

"`good name, reputation, honor, or integrity' [were not] at stake." 408 U.S. at 573. The same is true of TSTC's rejection of Walp's application for admission as a student. Walp did not have a property interest in being admitted because he had no "legitimate claim of entitlement to it." Roth, 408 U.S. at 577.

Qualified Immunity

The district court properly held that because Walp did not allege the violation of any clearly established constitutional right, he failed to satisfy the threshold inquiry in the determination of a qualified immunity claim. Siegert v. Gilley, 500 U.S. 226, 231-32 (1991). The defendants-appellees therefore were entitled to qualified immunity as a matter of law.

CONCLUSION

For the above stated reasons, the judgment of the district court is AFFIRMED.